VIOLET SPAULDING *vs.* JOHN E. MARTIN.

APRIL 15, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This case comes to us on certification from the superior court on a question of doubt and importance, allegedly pursuant to the provisions of general laws 1938, chapter 545, § 5. With this statute in mind, it becomes important to consider the nature of the case and the circumstances under which the certification was made.

The case is an action of trespass on the case for negligence for personal injuries to the plaintiff, while riding in the defendant's truck, which was being operated at the time of the accident by the plaintiff's husband, a servant of the defendant. The plaintiff's declaration, which does not allege the relation of husband and wife between the operator of the truck and the plaintiff, is otherwise in the usual form of a declaration in a negligence case. The defendant filed a plea of the general issue and a special plea denying that, at the time of the accident, the truck was under the control of a person for whose conduct the defendant was responsible.

In due time the case was reached for trial before a justice of the superior court, sitting with a jury. After the jury

was sworn, counsel for the plaintiff outlined his case and it then appeared that the plaintiff was the wife of the operator of the truck. The transcript before us shows that at the time of this certification the case was actually being tried to the jury on its merits and the evidence had not been concluded.

As soon as plaintiff's counsel had completed his opening, the trial justice of his own motion called upon him to produce authorities showing that the plaintiff could maintain an action against the defendant in the circumstances that counsel had outlined. After some discussion, the trial justice called a recess to give counsel an opportunity to confer and consult the statutes to see what form of certification they agreed upon.

Following a conference between the trial justice and counsel in chambers, which is not reported in the transcript, the driver of the truck was sworn as a witness. He testified that the plaintiff was his wife; that she and two children were riding in the truck at the time of the accident; and that the truck was owned by the defendant. When he had gone thus far in his testimony, counsel for the defendant was allowed to interpose a motion for a directed verdict in favor of the defendant on the ground that, in the circumstances, the plaintiff had no right of action. The trial justice did not rule on such motion, but requested that the witness be recalled so that he might ask him a few questions. In answer to questions from the trial justice, the witness then testified that "he was working for the defendant at the time that this accident happened" and that he had "instructions" from the general foreman to take the plaintiff in the truck on that occasion.

At the close of this witness's testimony, the trial justice stated that there was considerable merit to the point raised by the defendant, and that he himself, in the first instance, had suggested that the case be certified to this court on a

question of doubt and importance. He thereupon requested counsel for the defendant to submit a proper form of certification to plaintiff's counsel. Defendant's counsel readily agreed to such request, saying: "No objection, Your Honor. The defendant will agree with the plaintiff to jointly present a motion that the case be so certified." The trial justice then excused the jury and passed the case.

Subsequently the following question was certified to this court as one of doubt and importance, the motion, upon which the order of certification is based, specifically asking that the case be certified "in accordance with General Laws 1938, Chapter 545, Section 5." The certified question is: "Can a married woman recover damages, in an action of trespass on the case for negligence, from her husband's employer for personal injuries due solely to her husband's negligence while in the employ of the employer?"

The statutes pertaining to the certification of questions to this court, which were formerly scattered under different subjects and titles in the general laws of 1923, are all set forth in G. L. 1938, chap. 545, under the common title of "Certification of Cases to the Supreme Court." But this convenient classification did not alter the purpose and meaning of those statutes which the legislature left unchanged.

With this observation in mind, we will consider the scope and meaning of G. L. 1938, chap. 545, § 5, under which this case was expressly certified to us. This section was formerly sec. 36, chap. 339, G. L. 1923. The title of that chapter is "Of Practice in Equity Causes and in Cases Following the Course of Equity." Section 36, which is identical with G. L. 1938, chap. 545, § 5, is as follows: "If, upon making any interlocutory decree or order, or if otherwise in the course of the proceedings in any cause, any question of law shall arise which in the opinion of the court is of such doubt and importance, and so affects the merits of the controversy, that it ought to be determined by the supreme court before

further proceedings, the superior court may certify such question to the supreme court for that purpose, and stay all further proceedings except such as are necessary to preserve the rights of the parties."

The language of the statute and its position in G. L. 1923 clearly show that its provisions were intended to apply only in equity cases or in cases following the course of equity, and this statute has been uniformly so applied in our practice. *Sprague* v. *Stevens,* 32 R. I. 361, 365; *Garabedian* v. *Fraser,* 137 A. (R. I.) 219. We have found no case where a question of doubt and importance arising on the law side of the court has been certified to this court under the provisions of the above-quoted statute. We are therefore of the opinion that the case was improperly certified to this court under the provisions of G. L. 1938, chap. 545, § 5.

Even if we assume that the certification in this case were intended to be made under G. L. 1938, chap. 545, § 6, as amended by P. L. 1940, chap. 941, still the certification was improper. The language of said § 6, formerly G. L. 1923, chap. 348, sec. 5, which relates to certification of questions arising on the law side of the court, is specific and clear. It provides for certification of a question of law arising in a case "prior to the trial thereof on its merits, or upon a motion in arrest of judgment." Rule 20, under the heading "Certified Questions" of the "Rules of Practice of the Supreme Court", duly adopted under legislative authority, states that this court will also entertain and decide questions certified in accordance with G. L. 1938, chap. 545, §§ 5 and 6, "as well after hearing and determination as before hearing such questions."

Reading the statute and the rule together, there is no doubt as to when a question of law may be properly certified to this court. Assuming that the question is properly raised on the record and that at the time of certification the question is actually presented to the trial justice for his de-

termination, such question may be certified only if it is thus presented "prior to trial", or "after hearing and determination", or "upon a motion in arrest of judgment." The statute and rule clearly deny the right to certify a question of law arising in a jury trial while the case is actually being tried on its merits.

To satisfy ourselves whether the parties had any authority to support the certification in the circumstances of this case, for they cited none to us, we have examined the decisions of this court dealing with certification in a law case. Excepting the case of *Murray* v. *Taylor*, 43 R. I. 5, the certified question was raised in all instances before trial, by demurrer or motion to dismiss, or after trial, by motion in arrest of judgment.

The *Murray* case presents a situation similar in some respects to the one in the instant case. There, after the case was at issue in the superior court, the attorneys representing the parties filed a waiver of jury trial, and the next day they filed a stipulation admitting certain facts as proved. On that same day, they filed a petition in said court stating that a question of law had arisen in the case, which, in their opinion, was of such doubt and importance that it ought to be determined by this court before further proceedings were had. Certification followed. This court refused to entertain the certification and ordered the papers in the case remitted to the superior court as improperly certified.

In the instant case the parties and the trial justice have gone far beyond what was unsuccessfully tried in the *Murray* case, *supra*. Here, apparently by common agreement, the case was taken from the jury and passed, while it was actually being tried on its merits, in order that a question of law might be certified to this court even before such question was properly presented to the trial justice for determination. This clearly violates the purpose and meaning of the statute, including the rule, as construed in the decisions

of this court. *Ford* v. *Waldorf System, Inc.,* 57 R. I. 131, and cases cited. *Murray* v. *Taylor, supra.* See *Brady* v. *Moreau,* 65 R. I. 469, 16 A. 2d. 329. To countenance the innovation attempted in this case would result in confusion and would disturb the orderly practice heretofore followed in jury trials in this state. We therefore decline to answer the question certified.

The papers in the case, with our decision certified thereon, are ordered sent back to the superior court for further proceedings.

*Ambrose V. Aylward, Ralph S. Daniels,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn, Robert J. Conley, Joseph L. Breen,* for defendant.